SHIVERS, Judge.
Appellant Overton appeals the trial court’s summary denial of his motion for post-conviction relief. We reverse the order of denial and remand.
Appellant filed the instant motion for post-conviction relief, alleging ineffective assistance of trial counsel, on May 28, 1985. An order to show cause why the motion should not be granted was issued to the State Attorney and a subsequently granted motion for extension of time gave the State until August 14, 1985, to respond to appellant’s motion. When the State had not responded by August 26, 1985, appellant filed a “motion to proceed” requesting that the court rule on his motion for post-conviction relief “on its own merits and grant movant a new trial.” The State subsequently filed its response on September 11, 1985, and the trial court entered an order summarily denying the motion for post-conviction relief.
Appellant then filed a motion for rehearing, which the trial court denied on the basis that appellant had waived his right to an evidentiary hearing by urging the court “to rule on the basis of the pleadings without evidentiary hearing.” The last pleading filed by appellant was a “motion and request for clarification.” The last pleading filed by appellant was a “motion and request for clarification.” In that motion, appellant argued that he had not urged the court to rule on his motion without an evidentiary hearing and requested that the court attach the portion of the record from which it had construed such a request. Appellant’s motion for clarification was denied on January 17, 1986, and this appeal ensued.
Due to the language used by the trial court in its order denying the motion for rehearing, it is difficult to determine whether the court actually considered the State’s response in determining whether to grant an evidentiary hearing, or whether the court concluded that appellant had “waived” his right to an evidentiary hearing. Since we find no authority to indicate that an evidentiary hearing on a motion for post-conviction relief may be waived by a prisoner seeking relief, we reverse the order of denial. On remand, the trial court should consider the State’s response to properly determine whether an evidentiary hearing is required, and then proceed according to Rule 8.850, Fla.R.Crim.P.
SMITH and ZEHMER, JJ1., concur.